**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | |
| : | **5:04-CV-160 (WDO)** |
| **GLENN SPEARING MATTHEWS,** : | **5:01-CR-18 (WDO)** |
| : | |
| **Defendant-Petitioner** : | |

**ORDER**

Defendant-Petitioner Matthews was convicted by a jury on three counts of armed robbery, three counts of use of a firearm during a violent crime and one count of possession of a firearm by a convicted felon. Matthews was classified as an Armed Career Criminal based on his prior convictions and sentenced to a total term of 1,047 months imprisonment. Matthews' conviction and sentence were affirmed on appeal. Matthews thereafter filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The motion to vacate was referred to a Magistrate Judge who appointed counsel for Matthews and held an evidentiary hearing on the motion to vacate. After the Magistrate Judge issued a Report and Recommendation to reduce a portion of Matthews' sentence based on suggestions of clerical and substantive errors, this Court ordered responses from the Probation Office and the Assistant United States Attorney assigned to this case. After carefully considering the Recommendation and hearing from the parties in a subsequent status conference, the Court enters the following order.

Matthews' motion to vacate as to Counts Two, Four and Six is DENIED for the reasons set forth in the Report and Recommendation. Matthews' motion is GRANTED IN PART as to

the sentence on Counts One, Three and Five. The judgment on those Counts reflects a sentence of 327 months. However, a review of the sentencing hearing transcript shows the Court orally pronounced a sentence of 300 months on those Counts. The sentence is therefore reduced pursuant to Federal Rule of Civil Procedure 60(a) to correct this clerical error. As to Count Seven, the Court declines to alter the sentence as suggested for the following reasons.

Count Seven of the Indictment charged Matthews with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Prior to trial, the Government filed a notice that it would seek an enhanced penalty under the Armed Career Criminal statute based on Matthews' prior convictions. Matthews was thereafter convicted by the jury on all Counts. Prior to sentencing, the Probation Officer prepared a presentence report that detailed Matthews' prior convictions warranting application of the Armed Career Criminal sentence enhancements. The Court then sentenced Matthews to 327 months imprisonment on Count Seven based on 18 U.S.C. § 924(e). During the habeas hearing, the Government stated that Matthews should not have been sentenced as an Armed Career Criminal because the Government had intended to withdraw the notice of enhanced penalty prior to trial based on an uncertainty regarding whether one of the prior convictions qualified as a "violent" crime. Matthews of course agrees with this argument and contends that his sentence should be reduced accordingly.

"Section 924(e) provides for the enhancement of sentences when individuals who have three or more previous convictions for violent felonies or serious drug offenses violate § 922(g). United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995). "The statute does not require the Government to affirmatively seek an enhancement. Because the statute clearly indicates that the intent of Congress was to require mandatory enhancement, we hold that sentence enhancement

pursuant to § 924(e) should automatically be applied by the courts regardless of whether the Government affirmatively seeks such enhancement." Id. (citation omitted).  Of course, "due process requires reasonable notice of and opportunity to be heard concerning the prior convictions." Id. at 1476 (citation omitted).  In Cobia, the court held the defendant had received adequate notice when he was notified of § 924(e)'s applicability in the plea agreement.  Further, at the plea hearing the district court advised the defendant that the court might be required to apply the § 924(e) enhancements.  Third, the defendant received notice of the enhanced penalty in the Government's response to the court's standard discovery order prior to the plea hearing and in the presentence report.  The court of appeals therefore upheld the conviction and sentence pursuant to § 924(e) finding the sentence enhancements were mandatory statutory penalties.

Not only are the provisions of § 924(e) mandatory sentence enhancements but evidence of the requisite prior convictions is not to be submitted to a jury.  In United States v. McGatha, the court of appeals addressed the issue of whether § 924(e) created a new federal offense or whether it merely enhanced the penalty for a pre-existing federal offense pursuant to § 922(g).  United States v. McGatha, 891 F.2d 1520 (11th Cir. 1990).  After reviewing the legislative history of the statutes, the court of appeals held, "Congress did not intend to create a new federal crime to be separately charged and proved at trial, but rather to enact a statute that would delegate sentencing authority to a trial judge to enhance the sentence of a recidivist offender." Id. at 1524 (citation omitted).  "[Section] 924(e), as amended, is intended only to provide enhanced punishment for those persons convicted under § 922(g) who also have three previous felony convictions.  It was unnecessary for the jury to consider the defendant's prior convictions, for these convictions were not an element of the offense for which he was indicted and to which he entered his plea of

3

guilty." Id. at 1525.  "[T]he defendant . . . received the totality of constitutional protections due in the prior proceeding on the predicate offense.  Prior convictions are highly verifiable matters of public record which may subject the defendant to undue prejudice if revealed to the jury at trial." Id. at 1526.

Because it is clear that the § 924(e) sentence enhancements are mandatory and should not be submitted to the jury for consideration, all the Court must decide now is whether Matthews' prior convictions satisfy § 924(e)'s definition of violent felonies or serious drug offenses.  The Government and counsel for Matthews initially argued that one of the prior convictions, the conviction for "burglary of a structure," did not meet the statutory definition of "violent" felony because it was not a burglary of a dwelling, the common law definition of burglary.  However, in Taylor v United States, the Supreme Court addressed this issue and held that "burglary" means an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime."  Taylor v. United States, 495 U.S. 575, 598 (1990).  The Supreme Court specifically rejected the common law definition of burglary as limited to burglaries of buildings and explained, "interpreting 'burglary' in § 924(e) to mean common-law burglary would not comport with the purposes of the enhancement statute.  The arcane distinctions embedded in the common-law definition have little relevance to modern law enforcement concerns."  Id. at 593.

After reviewing this case in light of Taylor, counsel for the Government and Matthews conceded that the disputed prior conviction does in fact satisfy the federal definition of "burglary" and thus served as a proper basis for one of the three convictions pursuant to which this Court was required to sentence Matthews as an Armed Career Criminal.  A review of the presentence report supports this conclusion as well.

Based on the foregoing, this Court is not authorized to alter the sentence previously imposed on Count Seven.  Matthews was given more than sufficient notice of an enhanced penalty pursuant to § 922 (g) in connection with § 924(e).  Matthews never filed an objection to the applicability of the prior convictions prior to his habeas proceedings.  Because the record supports the existence and applicability of those prior convictions, this Court was mandated by statute to sentence Matthews as an Armed Career Criminal.  As such, the sentence on Count Seven will remain unchanged and Matthews' claim of ineffective assistance of counsel regarding that issue has no merit.

Matthews also filed a motion for transcripts that is DISMISSED AS MOOT based on defense counsel having forwarded a copy of the same to Matthews soon after he filed the motion.

**SO ORDERED this 1st day of November, 2005.**

**S/Wilbur D. Owens, Jr.**
**WILBUR D. OWENS, JR.**
**UNITED STATES DISTRICT COURT**