# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 5:01-cr-18-MTT |
| ) | |
| GLEN SPEARING MATTHEWS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Defendant's "Motion for Jail Time," Doc. 248, and "Motion for the Appointment of Counsel for Reduction of Sentence," Doc. 250. Defendant's "Motion for Jail Time," Doc. 248, is **DISMISSED** without prejudice for lack of jurisdiction and his "Motion for the Appointment of Counsel for Reduction of Sentence," Doc. 250, is **DENIED**.

Defendant's "Motion for Jail Time" reads in-full:

> Come[s] now Glenn S. Matthews, on January the 8, 2001, the District Court of Macon, Georgia indicted me on 3 counts of federal armed bank robbery and got sentence on November 7, 2001. The District Court put that time with my state parole revocation. I did not go to the State until after November 7, 2001.
>
> Thank you.

Doc. 248.

Following Defendant's trial, at which he confessed to three armed robberies and asked the jury for leniency, Doc. 178 at 5, the jury convicted him on all counts of a seven-count indictment, *Id.* at 3, and the Court sentenced Defendant to 1,047 months'

imprisonment, Doc. 105. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Defendant successfully challenged the Armed Career Criminal Act enhancement he received on Count Seven of the indictment. Docs. 183; 189; 191; 192; 195; 196. At the resentencing hearing, Defendant's total term of imprisonment was lowered from 1,047 months to 840 months. Doc. 196. Thus, Defendant is now serving an 840 months' sentence. *Id.*

The amended judgment in Defendant's case shows that his 840 months of imprisonment is "to be served consecutively to the state parole revocation." Doc. 196 at 2. While it is unclear exactly what relief Defendant seeks in his "Motion for Jail Time," it is clear that his federal sentence of 840 months' imprisonment runs consecutively to any state parole revocation. *Id.*

To any extent that Defendant seeks credit on his federal sentence for the time he spent in jail prior to conviction, 18 U.S.C. § 3585(b) governs. That statute provides

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence

In order to secure credit for time served prior to sentence commencement, a Defendant must first exhaust his administrative remedies. *United States v. Lucas*, *898 F.2d 1554*, 1555-56 (11th Cir. 1990). The Attorney General has

delegated to the Bureau of Prisons the authority to determine what credit is due for time served.  *Id.* at 1556.  The Bureau of Prisons "has established regulations governing formal review of inmate complaints" relating to requests for credit for time served prior to sentence commencement.  *Id.* (citing 28 C.F.R. §§ 542.10 to.16 (1989)).  These regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court."  *Id.*

A district court must dismiss a motion for credit for time served for lack of jurisdiction when the movant has failed to exhaust his administrative remedies before filing the motion.[1]  *Id.*  "Only after the [Bureau of Prisons] has issued a decision may a prisoner seek judicial review of that administrative action."  *United States v. Coates,* 775 F. App'x 669, 671 (11th Cir. 2019).  Because "[n]othing in the record . . . indicates [Matthews] exhausted his administrative remedies before filing his request," the Court does not have jurisdiction to consider the motion.  *Id.*

In his "Motion for Appointment of Counsel for Reduction of Sentence," Defendant states that his sentence should be reduced from 840 months to 180 months because the crimes for which he was convicted were his first federal offenses, he has been in

---

[1]The Court is aware that failure to exhaust administrative remedies before filing a 28 U.S.C. § 2241 petition does not deprive the Court of jurisdiction.  *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).  In a § 2241, "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one."  *Id.*  Thus, failure to exhaust is grounds for denial of a § 2241 petition, not grounds for dismissal for lack of jurisdiction.  *Id.*  In *Santiago-Lugo*, the Eleventh Circuit distinguished *Lucas* by stating that *Lucas* did not address § 2241 petitions.  The Eleventh Circuit did not overrule *Lucas.*  In a recent unpublished opinion, the Eleventh Circuit, citing *Lucas*, held that the district court did not have jurisdiction to consider a motion for credit for time served, vacated the district court's denial of the prisoner's motion, and remanded the action with instructions to enter an order dismissing the motion without prejudice for lack of jurisdiction. *United States v. Coates*, 775 F. App'x 669, 670 (11th Cir. 2019).

prison for 19 years, and he has received only one incident report while in prison. Doc. 250.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The Court can modify a sentence in only three circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

*Id.* at 1195 (citations omitted).

None of these circumstances exist in Defendant's case. The Court, therefore, has no discretion to modify Defendant's sentence. Thus, appointed counsel is not necessary.

In conclusion, Defendant's "Motion for Jail Time," Doc. 248, is **DISMISSED** without prejudice for lack of jurisdiction and his "Motion for the Appointment of Counsel for Reduction of Sentence," Doc. 250, is **DENIED**.

**SO ORDERED**, this the 10th day of April, 2020.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT