IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 5:01-cr-18-MTT |
| | ) |
| GLEN SPEARING MATTHEWS, | ) |
| Defendant. | ) |

### ORDER

Defendant Glen Spearing Matthews moves for a new trial. Doc. 254. Following Defendant's 2001 jury trial, at which he confessed to three armed robberies and asked the jury for leniency, Doc. 178 at 5, the jury convicted him on all counts of a seven-count indictment, *Id.* at 3, and the Court sentenced Defendant to 1,047 months' imprisonment. Doc. 105. After the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), Defendant successfully challenged the Armed Career Criminal Act enhancement he received on Count Seven of the indictment. Docs. 183; 189; 191; 192; 195; 196. At the resentencing hearing, Defendant's total term of imprisonment was lowered from 1,047 months to 840 months. Doc. 196. Thus, Defendant is now serving an 840 months' sentence. *Id.*

"Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Defendant alleges the prosecutor "lie[d] to everyone" so that Defendant

received the sentence he did in 2001.  Doc. 254 at 2.  Defendant points to no new evidence.  Even if he did, however, the time for filing a motion for new trial has long passed.

The only avenue to receive a new trial at this time would be through a motion to vacate, set aside, or correct a federal sentence.  28 U.S.C. § 2255 (b) (providing that the Court may "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate").  But Defendant has filed several § 2255 motions in the past.  Docs. 71; 161; 183; 213; 218.  Thus, if Defendant wishes to file another § 2255 motion, he must first seek authorization to do so by filing with the Eleventh Circuit Court of Appeals an application seeking an order authorizing the district court to consider a second or successive § 2255 motion.  28 U.S.C.  § 2255(h).  Only if the Eleventh Circuit grants such an application, may Defendant file a § 2255 motion with this Court.

In conclusion, it is **ORDERED** that Defendant's motion for new trial, Doc. 254, is **DENIED**.  The Clerk's office is **DIRECTED** to forward to Defendant an application seeking leave to proceed with a second or successive §2255 motion to vacate, set aside, or correct a federal sentence.

**SO ORDERED and DIRECTED**, this the 29th day of September, 2020.


    s/ Marc T. Treadwell
    MARC T. TREADWELL, CHIEF JUDGE
    UNITED STATES DISTRICT COURT