**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO. 5:01-CR-18 (MTT)** |
| **GLEN SPEARING MATTHEWS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## ORDER

Federal prisoner Glen Spearing Matthews moves the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1).  Docs. 279; 298.  The Government opposes Matthews' release.  Doc. 301.  For the following reasons, Matthews' motion for compassionate release (Docs. 279; 298) is **GRANTED.**

## I. BACKGROUND

On August 1, 2001, a jury found Matthews guilty of three counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), (d) (Counts 1, 3,and 5); three counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts 2, 4, and 6); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count 7).  Docs.1 at 1-3; 49; 105.  Matthews was sentenced on November 26, 2001 to serve a consecutive 300 months on Counts 1, 3, and 5; 120 months on Count 2; 300 months on Counts 4 and 6; and 327 months on Count 7 for a total imprisonment of 1,047 months.  Docs. 49 at 2; 105.[1]  In 2017, the

---

[1] In a clerical error, Matthews' 2001 judgment stated that he was sentenced to 327 months for Counts 1, 3, and 5.  Doc. 49 at 2.  However, his sentence for those counts was 300 months.  Doc. 59 at 11.  In 2005, the Court amended the judgment to correct the clerical error.

Court resentenced Matthews, lowering his total sentence to a term of 840 months because of a retroactive change in the law.  Docs. 191; 196 at 2.  Matthews' imprisonment is to be followed by five years of supervised release.  Doc. 196 at 3.  Matthews is currently housed at Victorville Medium II Federal Correctional Institution with an expected release date of October 8, 2063.  Federal Bureau of Prisons ("BOP"), *Find an Inmate*, https://www.bop.gov/inmateloc/ (search "Glen Spearing Matthews")(last visited May 5, 2025).

Matthews has moved for compassionate release twice, both of which were denied because he failed to establish an extraordinary and compelling reason warranting his release under U.S.S.G. § 1B1.13.  Docs. 256; 258; 273; 278.  On December 29, 2022, Matthews again moved for compassionate release.  Doc. 279.  While that motion was pending, the November 1, 2023 amendments to § 1B1.13 were enacted, which expanded the meaning of "extraordinary and compelling."  Following the November 2023 amendments, Matthews moved again for compassionate release and for the appointment of counsel.  Doc. 288.  Because the amendments gave Matthews a viable path to a sentence reduction, the Court appointed the Federal Defenders of the Middle District of Georgia, Inc. to represent Matthews.  Doc. 289.  On February 10, 2025, Matthews amended his motion for compassionate release.  Doc. 298.  Matthews' motion is now ripe for the Court's review.

## II. STANDARD

Under the First Step Act of 2018, a defendant who has exhausted his administrative rights can move for a sentence reduction, commonly called

"compassionate release." 18 U.S.C. § 3582(c)(1)(A). On the defendant's motion, a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction.[2]

*Id*. U.S.S.G. § 1B1.13 is the applicable policy statement governing compassionate release motions. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

Section 1B1.13, as amended effective November 1, 2023, provides that six circumstances qualify as extraordinary and compelling reasons. Those circumstances, generally, are: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; (5) "other reasons"[3]; and (6) the defendant's "unusually long sentence." U.S.S.G. § 1B1.13(b). With the exception of subsection (b)(6), a court cannot consider

---

[2] A defendant can also move for a sentence reduction if he is at least 70 years old and meets other specified criteria. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(1)(B).

[3] Prior to the November 2023 amendments, the "other reasons" circumstance stated: "*As determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." United States Sentencing Commission, *Amendments to the Sentencing Guidelines (effective November 1, 2024)*, pg. 12, https://www.ussc.gov/guidelines/amendments (Apr. 27, 2023) (emphasis added); *Bryant*, 996 F.3d at 1248 (emphasis added). Thus, the Eleventh Circuit held that that provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" and is only applicable to determinations made by the Director of the BOP. *Id.* at 1248, 1262-65. Amended § 1B1.13(b)(5), which deleted the reference to the Director of the BOP, provides: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." The Eleventh Circuit has not yet addressed whether subsection (b)(5) is similarly limited.

"a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) … for purposes of determining whether an extraordinary and compelling reason exists."  U.S.S.G. § 1B1.13(c).

If the defendant has established an extraordinary and compelling reason, then the court moves on to consider whether the defendant is "a danger to the safety of any other person or to the community" and the § 3553(a) factors.  U.S.S.G. §1B1.13(a)(2); *Bryant*, 996 F.3d at 1254.  If the defendant has failed to establish an extraordinary and compelling reason, the court need not consider the 18 U.S.C. § 3553(a) factors.  *United States v. Giron*, 15 F.4th 1343, 1347-50 (11th Cir. 2021).

### III. DISCUSSION

The Court concludes that Matthews is entitled to a sentence reduction because he has demonstrated an extraordinary and compelling reason for compassionate release and because the 18 U.S.C. § 3553(a) factors weigh in favor of his release.

## A. Matthews has Shown an Extraordinary and Compelling Reason

Matthews raises three grounds for compassionate release: (1) his unusually long sentence, (2) his age and deteriorating health, and (3) "other reasons."  Doc. 298.

### 1. Unusually Long Sentence

First, Matthews argues that he qualifies for compassionate release under U.S.S.G. § 1B1.13(b)(6) because he is serving an unusually long sentence and because there is a "gross disparity" between the sentence he received in 2001 and the sentence he would have received after 2018.  Doc. 298 at 8-10.

Section 1B1.13(b)(6) provides:

If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than

an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

The Government contends that the commission did not have authority to promulgate § 1B1.13(b)(6) because "nonretroactive changes in the law are neither" extraordinary nor compelling. Doc. 301 at 9.  However, as the Government acknowledges, this Court and numerous district courts in the Eleventh Circuit have rejected that argument.  *See* Doc. 304-1 (collecting cases); *United States v. Williams*, 2024 WL 4189735 at *3 (M.D. Ga. Sept. 13, 2024).[4]  This Court's conclusion has not changed—the Commission acted within its authority when it amended § 1B1.13 to establish "unusually long sentence" as an extraordinary and compelling reason warranting release.[5]

The Court must, thus, determine whether Matthews has demonstrated that he is serving an "unusually long sentence" that created a "gross disparity" between his 2001

---

[4] *See also, e.g.*, *United States v. Clowers*, 2024 WL 3461752, at *4 (M.D. Ga. July 18, 2024) ("[A] claim that 'several district courts' have rejected the Government's argument would be 'an understatement.'"); *United States v. Daniel*, 2024 WL 3103311, at *3 (S.D. Fla. June 24, 2024); *United States v. Smith*, 2024 WL 3738462, at *2 (M.D. Fla. Aug. 9, 2024).

[5] The Government further argues, in a footnote, that "even if the Commission's promulgation of U.S.S.G. § 1B1.13(b)(6) is lawful, a defendant serving 'stacked' § 924(c) sentences (like Matthews) cannot rely on congress's nonretroactive change in sentencing law as a basis for relief." Doc. 301 at 9 n.1.  The Government relies on a recent order, *United States v. Cannon*, __ F. Supp. 3d __, 2025 WL 326065 (M.D. Ga Jan. 9, 2025), in which the court ruled that § 1B1.13 (b)(6) does not encompass sentence disparities based on nonretroactive changes in the law.  In *Cannon*, the court reasoned that allowing courts to consider nonretroactive changes in the law while prohibiting consideration of nonretroactive changes to sentencing guidelines is "not only inconsistent with the plain meaning of the word 'extraordinary,' but it would be tantamount to contravening the will of Congress by in effect contravening their nonretroactive change in the law."  2025 WL 326065 at *5.  The Government's as-applied challenge is no different than its facial challenge to § 1B1.13 (b)(6).  Both arguments turn on whether Congress intended for non-retroactive changes in the law to be considered in these circumstances.  As stated, the Court rejects that argument.

sentence and the sentence he would receive today.  Doc. 196 at 2.  Matthews has served over 20 years, so he meets two of the three requirements of § 1B1.13(b)(6).

Matthews has also demonstrated a gross disparity between his sentence and the sentence that would be imposed today.  In 2001, 18 U.S.C. § 924(c)(1) mandated a 25-year term of imprisonment for a "second or subsequent conviction under" § 924(c)(1). 18 U.S.C. § 924(c)(1) (1994).  Section 924(c)(1) also mandated that any term of imprisonment imposed under that section had to be served consecutively to "any other term of imprisonment."  *Id*.  The Supreme Court at the time interpreted § 924(c)(1) to apply to a single prosecution of multiple § 924(c) violations.  *Deal v. United States*, 508 U.S. 129 (1993).  Pursuant to these requirements, the Court sentenced Matthews to 120 months on Count 2, 300 months on Counts 4, and 300 months on Count 6, all to be served consecutively with Matthews' remaining sentences.  Doc. 105.

The First Step Act of 2018 amended this version of § 924(c) to provide that the 25-year consecutive term is mandated only for a violation "that occurs after a prior conviction under [§ 924(c)] has become final."  18 U.S.C. §§ 924(c)(1)(C) & (D)(ii) (2022); PL 115-391, S. 756 (Dec. 21, 2018).  Thus, a defendant sentenced today on more than one violation of § 924(c) in a single prosecution who has no prior § 924(c) convictions is no longer subject to a consecutive 25-year term of imprisonment.

Matthews was convicted of three counts of armed bank robbery, three counts of possession of a firearm during a crime of violence, and one count of possession of a firearm by a convicted felon.  Doc. 196 at 1.  The total term for those three counts is 720

months.  *Id.*  Had he been sentenced in February 2025,[6] Matthews would have received three consecutive 120-month terms of imprisonment on the § 924(c) counts, resulting in a 360-month sentence for those counts. 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C), & (c)(1)(D) (2022).  There is, thus, a 360-month, or 30-year, disparity between the sentence he received in 2001 and the sentence he would receive today.

Moreover, when Matthews was sentenced, the Court did not have discretion to vary from the guidelines on Matthews' non-924(c) counts.  Now, under *Booker v. United States*, 543 U.S. 220 (2005) and *Dean v. United States*, 581 U.S. 62 (2017), the Court has discretion to impose a downward variance for non-924(c) counts when the 18 U.S.C. § 3553(a) factors allow it.  Matthews is currently sentenced to a total of 120 months for his remaining counts.  Doc. 196.  Had he been sentenced today, the Court would have had discretion to sentence him to as little as one day for each of those counts.  Thus, the minimum sentence Matthews could have received is 360 months and one day, which is 30 years and one day.  That is a 40-year disparity between Matthews' current sentence and the minimum sentence he could receive today.  The 30-40 year disparity between Matthews' sentence and what would be imposed today is enough to be considered a "gross disparity."  *See United States v. Ware*, 720 F. Supp. 3d 1351, 1363 (N.D. Ga. 2024) (finding a 14-year difference "gross").

Accordingly, Matthews has established an extraordinary and compelling reason for compassionate release based on an unusually long sentence.

---

[6] Section 1B1.13(b)(6) provides that the disparity is "between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  Matthews filed his amended motion on February 10, 2025.

*2. The Age of the Defendant*

Second, Matthews argues that he is entitled to compassionate release under U.S.S.G. § 1B1.13(b)(2) because of his age and the state of his physical and mental health.

Under § 1B1.13(b)(2), the age of the defendant is a compelling and extraordinary reason for compassionate release if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."  Matthews is 67 years old and has served over 20 years, so he meets two of the § 1B1.13(b)(2) requirements.

Matthews has also demonstrated that his health is deteriorating.  According to Matthews' medical records, he has type II diabetes, hypertension, glaucoma, hyperlipidemia, asthma, and psoriasis.  Doc. 307-2 at 42.  Additionally, Matthews has received radiation therapy for prostate cancer and now suffers from prostate dysplasia. *Id.* at 41-43.  Matthews explains that his "age and various ailments are taking a toll on his mobility, eyesight, comprehension, and memory."  Doc. 298 at 10.  He further states that he has "debilitating pain, to the point that he needs assistance getting out of bed" and that he is experiencing memory loss and confusion.  *Id.*

Accordingly, Matthews has demonstrated an extraordinary and compelling reason for compassionate release based on his age and deteriorating health.

*3. Other Reasons*

Finally, Matthews argues that he is eligible under U.S.S.G. § 1B1.13(b)(5) for compassionate release for five "other reasons":  (1) the unlikelihood that he will outlive his current sentence, (2) the extraordinary cruelty of dying in prison, (3) his

extraordinary character, (4) disparities between Matthews' sentence and the sentences imposed for similar and more severe crimes, and (5) his rehabilitation efforts.  Doc. 298 at 10-16.

Under § 1B1.13(b)(5), other reasons can be extraordinary and compelling if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." The Court agrees.

Matthews demonstrates a combination of circumstances that, when considered with his age and medical condition, are "similar in gravity" to the other specifically listed grounds for compassionate release.  Without a sentence reduction, Matthews will not be released until he is 105 years old.  As Matthews argues, that is essentially a life sentence.  Matthews has already demonstrated that he faces significant medical issues, and his health is likely to continue to decline as he ages.  Doc. 307-2.  It is, thus, unlikely that Matthews will outlive his current sentence.  Further, Matthews has made rehabilitation efforts during the 24 years he has been in prison.[7]   Doc. 273.  Even if his unusually long sentence and his deteriorating physical and mental health were not enough by themselves, Matthews has demonstrated circumstances that, when combined, are extraordinary and compelling.

---

[7] Under § 1B1.13(d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.  However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."

**B. Section 3553(a) Factors**

Having found that Matthews has demonstrated an extraordinary and compelling reason for compassionate release, "the [C]ourt moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted." *Bryant*, 996 F.3d at 1254. The Court "must also determine that '[t]he defendant is not a danger to the safety of any other person or to the community.'" *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting § 1B1.13(a)(2)).

The Court has already found in 2022 that the § 3553(a) factors weigh in favor of a reduction in Matthews' sentence. Doc. 278 at 5-6. The Government acknowledged the Court's determination and declined to repeat its arguments, stating that it "is unaware of any changes in the relevant circumstances." Doc. 301 at 3. The Court nonetheless believes it appropriate to readdress these factors in light of its decision to grant Matthews' motion for compassionate release.

The § 3553(a) sentencing factors include the history of the defendant, the defendant's characteristics, the need for the sentence imposed to provide just punishment for the offense and to protect the public from further crimes by the defense, and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (citation and internal quotation marks omitted). "[D]istrict courts needn't address each of the § 3553(a) factors or all of the mitigating evidence." *Id*. It is enough "that the district court considered a number of the factors such as the nature and circumstances of the offense [and] the defendant's history of recidivism." *Id*.

Matthews has been incarcerated for 24 years, which is sufficient time to provide just punishment and deter future criminal conduct.  18 U.S.C. § 3553(a)(2)(A). Matthews' various educational certificates demonstrate his rehabilitative efforts.[8]  Doc. 273-3.  Moreover, Matthews has expressed remorse for his actions, and the Court cannot find that he would be a danger to the community upon his release.  Doc. 277.  In a 2022 letter to the Court, Matthews explained that he "had a drug and a real bad alcoholic problem" and he has represented to the Court that, if he is released, he will comply with the Court's orders.  *Id.* at 2-3.  There is no evidence that he has acted violently toward anyone in prison.  *Id*.  There are, thus, no changes in the past 3 years that would alter the Court's conclusion that the § 3553(a) factors weigh in favor of reducing Matthews' sentence.

Accordingly, the Court finds that Matthews is not a danger to the community and that the § 3553(a) factors weigh in favor of his release.

## IV. CONCLUSION

Because Matthews has established that extraordinary and compelling reasons warrant a sentence reduction and that the § 3553(a) factors weigh in favor of his early release, his motion for compassionate release (Doc. 298) is **GRANTED**.[9]

Matthews' sentence is reduced to TIME SERVED through 365 days from the date of this Order, meaning that he should be released no sooner than 365 days after the filing of this Order. Considering the defendant does not have a viable release

---

[8] As of July 2022, Matthews has the following certificates of achievement: Introduction to Business Management, Resume Writing Class, Marketing and Business Class, Interview Class, Workforce Reintegration Class, Powered Industrial Truck (Forklift) training, Job Hunt Class.  Doc. 273-3.

[9] Matthews' previously filed motions to reduce sentence (Docs. 279; 288) are **TERMINATED** as moot.

residence, the Court strongly recommends the defendant be immediately transferred to a Bureau of Prisons Residential Re-Entry Center (RRC) for a period of up to 365 days under the provisions of the Second Chance Act, for which he is currently eligible.

**SO ORDERED**, this 22nd day of July, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT